FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAUL H. CATALAN and MIA MORRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05 C 6920 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| RBC MORTGAGE CO., d/b/a RBC CENTURA BANK and GMAC MORTGAGE CORP., | ) ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## RBC MORTGAGE CO.'S MOTION *IN LIMINE* TO BAR REFERENCES TO OR EVIDENCE OF WILLFUL AND WANTON CONDUCT AND PUNITIVE DAMAGES

RBC Mortgage Co. ("RBC"), by its attorneys, moves *in limine* to bar plaintiffs from introducing, testifying, or otherwise referring to or commenting on any allegations of willful and wanton conduct or requests for punitive damages.

When the Court denied RBC's motion for summary judgment with respect to the willful and wanton claim, the Court commented (under the standards for summary judgment) that a reasonable juror could infer that RBC's conduct "constituted willful and wanton conduct sufficient to amount to a tort." *See* Docket Document 118, 11/15/06 Mem. Op. at 7. The Court also noted, however, that punitive damages are not available for breach of contract unless the conduct causing the breach also constitutes a tort for which punitive damages are allowed. *Id* at 6 (citing *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 112 Ill. 2d 87, 94 (1986)). When read as a whole and in light of the cited precedent of *Morrow*, defendant submits that the Court's ruling should be construed to mean that plaintiffs' allegations—viewed in the light most favorable to plaintiffs—might give rise to conduct sufficient to justify a request for punitive damages, but it would remain incumbent on plaintiffs to establish the existence of an underlying tort.

When asked at the June 5, 2008 pre-trial conference what tort existed to warrant the willful and wanton claim for punitive damages, plaintiffs' counsel effectively conceded that the "willful and wanton" claim arose out of the contract—he could not identify any independent tort. Given that admission, which was made with the trial only a few weeks away, defendant requests that plaintiffs be barred from introducing evidence, testifying, or otherwise referring to or commenting on any allegations of willful and wanton conduct or requests for punitive damages. At the very least, plaintiffs should be barred from commenting on willful or wanton conduct or punitive damages during *voir dire* or opening statement, and plaintiffs should thereafter be barred from introducing evidence, testifying, or otherwise referring to or commenting on any allegations of willful and wanton conduct or requests for punitive damages until such time as they have identified an independent tort (with the requisite factual and legal basis) sufficient to justify a claim for punitive damages.

WHEREFORE, defendant respectfully requests that this motion be granted for the reasons stated.

Respectfully submitted,

RBC MORTGAGE CO

By: /s/ Matthew S. Miller
     One of Its Attorneys

Steven P. Blonder (6215773)
Matthew S. Miller (6237701)
**MUCH SHELIST DENENBERG**
  **AMENT & RUBENSTEIN, P.C.**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606-1615
(312) 521-2000

**CERTIFICATE OF SERVICE**

I, Matthew S. Miller, an attorney, certify that on June 11, 2008, I electronically filed, on behalf of Defendant RBC Mortgage Co., **RBC MORTGAGE CO.'S MOTION IN LIMINE TO BAR REFERENCES TO OR EVIDENCE OF WILLFUL AND WANTON CONDUCT AND PUNITIVE DAMAGES**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

| | | |
|---|---|---|
| TO: | Keith J. Keogh<br>Law Offices of Keith J. Keogh, Ltd.<br>227 West Monroe Street<br>Suite 2000<br>Chicago, Illinois 60606 | Simon A. Fleischmann<br>Lord, Bissell & Brook LLP<br>111 South Wacker Drive<br>Chicago, Illinois 60606 |

/s/ Matthew S. Miller
One of Its Attorneys