**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAUL H. CATALAN and MIA MORRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05 C 6920 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| RBC MORTGAGE CO., d/b/a RBC CENTURA | ) | Magistrate Judge Nolan |
| BANK and GMAC MORTGAGE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**RBC MORTGAGE CO.'S RULE 50(b) MOTION FOR ENTRY OF JUDGMENT**
**IN ITS FAVOR WITH RESPECT TO PLAINTIFFS' CLAIMS OF NEGLIGENCE**

NOW COMES RBC Mortgage Co. ("RBC"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 50(b)(3), hereby moves for an order directing the entry of judgment in its favor and against plaintiffs with respect to the negligence claims. In support of this motion, RBC states as follows:

1.      On July 3, 2008, the jury returned a verdict in this case and awarded plaintiffs $10,000.00 for plaintiffs' "negligence" claims. Plaintiffs, however, never had any negligence claims in their complaint, and never tendered any negligence jury instructions with the pre-trial materials. Plaintiffs also never identified "negligence" (or any other tort) in the pre-trial order or elsewhere as a theory on which they would seek to recover compensatory damages.

2.      The issue of "negligence" did not arise until after RBC filed a motion *in limine* seeking to par plaintiffs from pursuing punitive damages due to their failure to identify any underlying tort. *See* Docket Entry 187. RBC had no prior notice or knowledge that plaintiffs would be pursuing a negligence claim, much less that they would be seeking compensatory damages for such a claim.

3.      Despite this lack of notice, the Court denied RBC's motion and allowed plaintiffs to proceed based on a common law negligence theory.  The Court based this decision in large part on the prior order denying summary judgment with respect to the willful and wanton claim for punitive damage.  The Court reasoned that there must have been some tort to justify the request for punitive damages, otherwise summary judgment would have been granted.  *See* Docket Entry 240 at 5-7.  The Court thus allowed the willful and wanton claim to proceed over RBC's objections.

4.      Plaintiffs, however, took this ruling one step further, and grafted a negligence claim into this case at the eleventh hour.  Plaintiffs never indicated any prior intention of inserting a tort-based cause of action to recover compensatory damages, and the order denying summary judgment did not make any reference to any stand alone "tort" claim for compensatory damages.  The "tort" issue arose solely as a basis for plaintiffs to try to find a way to recover punitive damages.  A review of the pre-trial order makes clear that plaintiffs never before indicated any desire to include a claim for negligence-based compensatory damages.  Accordingly, the jury should not have been instructed to provide damages for or given a verdict form that allowed them to award damages for negligence.

5.      Judge Lindberg specifically stated, in the order denying summary judgment, that a jury could infer that RBC's conduct "constituted willful and wanton conduct sufficient to amount to a tort, justifying punitive damages."  *See* Docket Entry 118 at 7.  In other words, the issue throughout the entire lawsuit and at summary judgment was whether plaintiffs could prove facts sufficient to justify a tort <u>for purposes of pursuing punitive damages</u>.  The jury ultimately rejected the willful and wanton claim, but the Court erred when it also allowed plaintiffs to seek compensatory damages for its so-called tort theory.

## CONCLUSION

Plaintiffs should not have been permitted to present a negligence claim to the jury.  The Court should direct judgment in favor of RBC  as a matter of law with respect to plaintiffs' negligence claim.

Respectfully submitted,

RBC MORTGAGE CO

By: /s/ Matthew S. Miller
        One of Its Attorneys

Steven P. Blonder (6215773)
Matthew S. Miller (6237701)
**MUCH SHELIST DENENBERG
   AMENT & RUBENSTEIN, P.C.**
191 North Wacker Drive
Suite 1800
Chicago, Illinois  60606-1615
(312) 521-2000

## CERTIFICATE OF SERVICE

I, Matthew S. Miller, an attorney, certify that on July 14, 2008, I electronically filed, on behalf of Defendant RBC Mortgage Co., the preceding document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

TO:     Keith J. Keogh                          Simon A. Fleischmann
        Law Offices of Keith J. Keogh, Ltd.     Lord, Bissell & Brook LLP
        227 West Monroe Street                  111 South Wacker Drive
        Suite 2000                              Chicago, Illinois 60606
        Chicago, Illinois  60606


                                        _____/s/ Matthew S. Miller_____
                                        One of Its Attorneys