**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAUL H. CATALAN and | ) | |
| MIA MORRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 05 C 6920 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| RBC MORTGAGE CO. d/b/a RBC | ) | |
| CENTURA BANK and GMAC | ) | |
| MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant RBC Mortgage Company's ("RBC") Rule 50(b) motion

for entry of judgment in its favor with respect to Plaintiffs' negligence claims [247].  For the

reasons stated below, the motion is respectfully denied.

**I.      Background**

Between July 2003 and September 2004, Defendant RBC was the owner and servicer of a

mortgage loan on Plaintiffs' residence.  After RBC transferred the loan to GMAC Mortgage

Company, Plaintiffs filed this action asserting the following claims:  Count I – violations of the

federal Real Estate Settlement Practices Act ("RESPA"), Count II – gross negligence, Count III

– wrongful foreclosure/breach of contract, and Count IV – willful and wanton conduct.

In a memorandum opinion and order dated November 15, 2006, Judge Lindberg denied

RBC's motion for summary judgment, but dismissed Plaintiffs' claim for gross negligence on the

ground that the claim was "duplicative" of Plaintiffs' claim for willful and wanton conduct and

that the latter claim "is more consistent with Illinois law."  [118, at 5.]  In denying RBC's

summary judgment motion on Count IV, Judge Lindberg opined that "a reasonable juror could infer" that RBC's actions "constituted willful and wanton conduct sufficient to amount to a tort, justifying punitive damages." [*Id.* at 7.]

Notwithstanding Judge Lindberg's rulings, shortly before trial RBC filed a motion in limine seeking to bar Plaintiffs from introducing, testifying, or otherwise referring to or commenting on any allegations of willful and wanton conduct or requests for punitive damages. The Court denied RBC's motion, relying largely on the law of the case doctrine. As the Court observed, under Seventh Circuit precedent, there is a presumption that earlier rulings in a case will stand when a case is reassigned from one judge to another, and that those rulings should not be revisited absent manifest error or a change in the law. See, *e.g.*, *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). Applying that standard, the Court ruled that Judge Lindberg's ruling that a triable issue exists on Count IV was not manifestly wrong. Accordingly, the case included a negligence claim when it was tried to the jury.

On July 3, 2008, the jury returned a verdict in this case and awarded Plaintiffs a total of $11,100 in compensatory damages. Of that sum, $1,100 was awarded on Plaintiff's claim for a violation of the Real Estate Settlement Practice Act ("RESPA") (Count I), and the remaining $10,000 was awarded on Plaintiff's negligence claims (Count IV). The jury declined to award any punitive damages on Count IV.

## II.    Analysis

As RBC clarified in its reply brief, its Rule 50(b) motion rests on a very narrow premise. RBC is not challenging the "*existence* of the negligence claim." [251, at 1.] That clarification is well taken in light of RBC's acknowledgment at summary judgment that Plaintiffs had a "legally cognizable claim [that] lies in negligence," and Judge Lindberg's rejection of RBC's contention

that summary judgment nevertheless should be granted because "absent from the record is evidence of damages, an essential element." [103, at 11.] Instead, RBC's post-trial motion challenges any award of *compensatory* damages on Plaintiff's negligence claim on the ground that, according to RBC, Plaintiffs never disclosed that their negligence claim was anything other than "a vehicle for pursuing punitive damages." [251, at 1.] In support of that contention, RBC states that there was nothing in the pre-trial order, the proposed jury instructions, or anywhere else that put RBC on notice of Plaintiffs' intention to seek actual damages for negligence. [*Id*. at 2.] In short, according to RBC, Plaintiffs' negligence claim was offered as a predicate for punitive damages alone, and because the jury declined to award punitive damages, RBC is entitled to judgment as a matter of law on the negligence claim.

While it is clear that Plaintiffs viewed Count IV as their only potential vehicle for obtaining punitive damages, it would have been anomalous for Plaintiffs to have asserted any claim – whether for negligence, willful and wanton conduct, or under any other label – seeking only punitive damages. So anomalous, in fact, that it might be unprecedented. And the Court finds nothing in the record of this case indicating that Plaintiffs intended to proceed in such a novel fashion. To the contrary, in their complaint, Plaintiffs requested both "actual" and "punitive" damages for both Counts II and IV. [1, at 15 (Count II), 17 (Count IV).] RBC thus was on notice from the inception of the lawsuit that Plaintiffs sought actual (or compensatory) damages on those claims – and, indeed, on all of their claims. And in its review of the record, the Court has not found any indication that Plaintiffs at any time deviated from their initial demand for both punitive and compensatory damages on that Count.

To be sure, RBC's complaints that Plaintiffs' negligence claim was ill-defined, both in the pre-trial order[1] and in their proposed jury instructions, are not entirely unfounded. But Plaintiffs already have paid a price for their imprecision, for in composing the jury instructions, the Court limited Plaintiffs' negligence claim (at RBC's request) to matters of which RBC had notice on the basis of the complaint, Judge Lindberg's summary judgment opinion, and the pre-trial order. 7/2/08 Trans. at 34. But there simply is no basis for overturning the jury's verdict on compensatory damages on the ground that RBC lacked notice that Plaintiffs sought such relief.

## III. Conclusion

For the foregoing reasons, RBC's Rule 50(b) motion for entry of judgment in its favor with respect to Plaintiffs' negligence claims [247] is respectfully denied.[2]


Dated: March 31, 2009                    _____
                                         Robert M. Dow, Jr.
                                         United States District Judge

---

[1] While many aspects of the pre-trial order that had been tendered before the transfer of the case to this Court's docket were less than ideal, Plaintiffs' trial brief did reference a claim for "willful, wanton and grossly negligent conduct in relation to servicing plaintiffs' loan and reckless disregard for plaintiffs and their home and family" and designated that claim as "Count IV." Plaintiffs' trial brief further noted that "Plaintiffs' Count II for Gross Negligence was dismissed by this Court for being duplicative of Count IV."

[2] Plaintiffs' fee petition [281] remains under advisement; the Court will issue a ruling in due course.